UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSIE LOZANO,

    Plaintiff,

v.                                       Case No. 2:20-cv-932-JES-NPM

BANK OF THE OZARKS and BANK OZK,

    Defendants.

## ORDER OF DISMISSAL

This cause is before the Court on a civil rights complaint filed by Plaintiff Jessie Lozano (Plaintiff) on November 24, 2020. (Doc. 6). Plaintiff also filed a motion to proceed in forma pauperis. (Doc. 2). Because Plaintiff seeks to proceed as a pauper, the Court must screen his complaint under 28 U.S.C. § 1915(e)(2).

After considering the facts as alleged by Plaintiff and reviewing each of his claims, the Court concludes that this action must be dismissed because Plaintiff has not stated a claim upon which relief may be granted. Plaintiff's motion to proceed in forma pauperis is thus denied as moot, and Plaintiff will not be assessed a filing fee.

1

## I.  Complaint

Plaintiff asserts that Defendant Bank of the Ozarks[1] violated the Fourth Amendment, Federal Deposit Insurance Act Rights, Gramm-Leach-Bliley Act Rights, and Due Process Clause of the United States Constitution by allowing the Charlotte County Sheriff's Office, the State Attorney's Office, and Circuit Court Judges Allesandroni and Donald Mason to access his business bank account and review his customers' personal information.  (Doc. 1 at 5).  He asserts that the "subpoena" used by law enforcement to gain access to his account was invalid because it was forged.  (Id. at 6).

Plaintiff has unsuccessfully attempted to press criminal charges on "everyone involved" in his underlying criminal case.  (Doc. 1 at 6-7).  He now asserts that, by allowing the State to access his business account, Defendant Bank of the Ozarks violated federal banking regulations that could expose Plaintiff to legal issues from his customers.  (Id. at 7).  He seeks $100,000 in damages and court costs.  (Id. at 8).

---

[1] Plaintiff names the same defendant twice.  First as "Ozarks, Bank of the" and next as "OZK Bank."  (Doc. 1 at 3).  The addresses are identical, and Plaintiff only refers to one defendant throughout his complaint.  The Court will refer to the defendant as "Bank of the Ozarks."

## II. Legal Standards

A federal district court is required to review a civil complaint filed in forma pauperis and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). In essence, section 1915(e)(2) is a screening process to be applied on the Court's initiative at any time during the proceedings. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings in forma pauperis. The section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In making these determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A complaint may be dismissed as frivolous under §

1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327.

Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. See Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007) (because the plaintiffs had not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

### III. Analysis

Plaintiff attributes liability to Defendant Bank of the Ozarks under the Fourth Amendment, the Federal Deposit Insurance Act Rights, the Gramm-Leach- Bliley Act Rights, and the Due Process Clause. (Doc. 1 at 5). However, he has not stated an actionable claim under any of these provisions.

**A. Plaintiff does not state a constitutional claim under 42 U.S.C. § 1983.**

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges,

4

or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). Presumably, Plaintiff grounds his Fourth Amendment and Due Process claims on his assertion that the State used a "forged" document to gain access to his business bank account. (Doc. 1 at 6). However, Plaintiff names only the Bank of the Ozarks as a defendant. (Id. at 3).

As a general matter, private actors (such as banks) are not proper defendants in section 1983 actions. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotations omitted). Nevertheless, private actors may be liable under section 1983 if they conspire with a state actor to violate a plaintiff's civil rights. Dennis v. Sparks, 449 U.S. 24, 27 (1980) ("[T]o act under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents."). To succeed on such a claim, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the

5

state actor(s) and the private persons." Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992).

Even if the subpoena or search warrant used by law enforcement to gain access to Plaintiff's business account was forged, Plaintiff does not allege that Defendant Bank of the Ozarks was aware of the document's invalidity nor does he suggest that the defendant conspired with the police to provide access to the account. Plaintiff's bare allegations against Defendant Bank of the Ozarks regarding its acquiescence to an invalid warrant does not adequately plead conspiracy with law enforcement. Rather, it is a mere conclusion that need not be accepted as true. See Twombly, 550 U.S. at 555 (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation.") (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Plaintiff has not sufficiently stated a constitutional claim against Defendant Bank of the Ozarks. Plaintiff's Fourth Amendment and Due Process Clause claims are therefore dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

> **B. Neither the Federal Deposit Insurance Act not the Gramm-Leach-Bliley Act provide Plaintiff a private right of action against Defendant Bank of the Ozarks.**

Plaintiff asserts, without detail or explanation, that Defendant Bank of the Ozarks is liable for monetary damages under

6

the Federal Deposit Insurance Act (FDIA) and the Gramm-Leach-Bliley Act (GLBA).  (Doc. 1 at 5.)[2]  However, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."  Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quotation omitted).  Where, as here, a private citizen relies on a federal statute as a basis for federal-question jurisdiction, that statute must explicitly contain (or implicitly create) a private cause of action; otherwise, a federal court does not have subject matter jurisdiction to hear the dispute.  Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 817 (1986); Touche, 442 U.S. at 575.  Without congressional intent to create a private cause of action on the basis of a statute, one does not exist, and this Court may not create one on its own.  See Alexander v. Sandoval, 532 U.S. 275, 286 (2001).

Even liberally construing Plaintiff's complaint, he has not alleged a cognizable violation of the FDIA.  In fact, he does not identify the specific regulation that was purportedly violated.  Nor does he identify—and the Court has not found—any FDIA

---

[2] The Federal Deposit Insurance Act (FDIC Act) governs the Federal Deposit Insurance Corporation (FDIC).  12 U.S.C. § 1811 *et seq*.  The Gramm-Leach Bliley Act, 15 U.S.C. § 6801, emphasizes the need for protecting a consumer's privacy and confidentiality of nonpublic personal information.  It also provides that the GLBA's laws and regulations are enforced by federal and state authorities.  15 U.S.C. § 6805(a).

7

regulation that creates an express or implied private right of action. Accordingly, Plaintiff's FDIA claim is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii)

Likewise, federal courts have recognized that there is no private right of action under the Gramm-Leach-Bliley Act. See e.g., Dunmire v. Morgan Stanley DW Inc., 475 F.3d 956, 960 (8th Cir. 2007) (recognizing that "[n]o private right of action exists for an alleged violation of the GLBA"); Owens-Benniefield v. Nationstar Mortgage LLC, 258 F.Supp.3d 1300, 1318–19 (M.D. Fla. 2017) (collecting cases and stating that "courts across the country have held that no private right of action exists for violations of the GLBA, whose text indicates that it is to be enforced by Federal functional regulators, the State insurance Authorities, and the Federal Trade Commission") (internal quotation marks omitted).

Therefore, even if Plaintiff's allegations fell within the GLBA's prohibitions—an issue not considered by this Court— Plaintiff would have no cause of action under its provisions. Plaintiff's GLBA claims are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

### IV. Conclusion

The facts set forth by Plaintiff do not state a claim upon which relief may be granted. Defendant Bank of the Ozarks is not

8

a "state actor" under 42 U.S.C. § 1983, and Plaintiff has not identified a federal statute conferring federal jurisdiction over his statutory claims. The Court finds that amendment of the complaint would be futile, and this case will be dismissed. See Watkins v. DeJesus, 786 F. App'x 217, 2019 (11th Cir. 2019) (district court did not err by denying leave to amend "because the complaint as amended would still be properly dismissed").

Accordingly, it is now **ORDERED**:

1. All claims against Defendant Bank of the Ozarks are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

2. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED as moot,** and Plaintiff is not assessed a filing fee.

3. Plaintiff's motion to change venue (Doc. 7) is **DENIED as moot.**

4. The **Clerk of Court** is directed to terminate all pending motions and deadlines, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 21, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties